14986

STATE v. JONES

(6 S. E. (2d), 479)

October, 1938.

*Messrs. James L. Love* and *J. G. Leatherwood,* for appellant,

*Messrs. Robert T. Ashmore, Solicitor,* and *D. W. Smoak,* for the State.

December 14, 1939.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

In the early morning of April 16, 1938, the dwelling of appellant situate approximately five miles from the City of Greenville was destroyed by fire. The house was insured—so was the furniture and household goods therein. At the time of the fire appellant had been sick, and was in Columbia, S. C., and neither she nor any member of her family had been at the home for "something like a week prior to the fire."

On May 28, 1938, appellant filed a sworn proof of loss with the insurance company, or companies, in which her property had been insured.

On an indictment charging that appellant and two others did feloniously, willfully and maliciously set fire to the said dwelling house, the property of appellant, in violation of Section 1132, Volume I, Code of 1932, and that by the kindling of such fire the aforesaid dwelling was burned and consumed, the appellant and one other were tried at the October, 1938, term of General Sessions Court for Greenville County, resulting in a conviction of both.

At the conclusion of the State's testimony, appellant moved on four grounds for a directed verdict of not guilty, which motion was refused.

We need consider only the first ground upon which the motion was predicated, and which is as follows: "There is a total absence of testimony showing, or tending to show, any conspiracy, agreement, understanding had with the defendant, Addie Jones, by either of the other defendants, or any act or participation by her of the offense charged in any manner whatsoever."

The only testimony connecting appellant with the case was that she owned the property destroyed by fire and had been diligent in keeping it insured. Incidentally, it was in testimony that appellant's co-defendant had removed some of the furniture from the dwelling before it was burned, and stored it in a house about twenty-one miles away. Upon learning of this, and when the owner of the house in which the furniture had been stored refused to give it to appellant, she took proper legal proceedings to obtain possession; and every time appellant discussed the burning of her home, she shed tears.

Her motion should have been granted. The judgment of guilty, and sentence imposed is reversed, and the case remanded with instructions to enter a verdict of "not guilty" as to appellant.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.